UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DUANE LAMONT SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12CV12 HEA |
| | ) | |
| W. LARAMORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 171394), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.92. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $19.58, and an average monthly balance of $4.21. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.92, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Northeast Correctional Center ("NECC"), brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: W. Laramore (Health Services Administrator, Correctional Medical Services ("CMS")); T. Bredeman (Assoc. Regional Medical Director, CMS); Unknown Wanless (doctor); and Unknown Cabrera (Medical Director, CMS).

Plaintiff alleges that he suffers from a nasopharyngeal condition causing him difficulty in breathing through his nose. Plaintiff states that he was initially treated for the condition by defendant Cabrera at NECC, and that he was then referred to an outside doctor for a second opinion at Moberly Medical Center, defendant Wanless. Plaintiff asserts that defendant Wanless told him he needed nasal surgery but that defendant Cabrera has treated him with medication instead. Plaintiff claims that the medication has not improved his condition, but that the surgery has still not been scheduled.

Attached as a supplement to plaintiff's complaint are copies of his x-ray results, as well as copies of his Informal Resolution Requests ("IRRs")/offender grievances related to the issues in this case.[1] The results of the x-ray studies taken by defendant

---

[1] Fed.R.Civ.P.10(c) provides that copies of written instruments that are attached to a pleading shall be construed as part of that pleading.

Cabrera on plaintiff's nasal passages in 2010 and on February 29, 2012 are marked as "within acceptable limits."

Plaintiff filed an IRR on May 18, 2011 complaining that he had seen defendant Wanless in March of 2011 at Moberly Medical Center and that defendant Wanless had recommended surgery on his nose. Plaintiff stated that the "on sight" doctor at NECC recommended he use a nasal spray for his breathing problem rather than undergoing surgery, but that the nasal spray was not assisting his breathing at night. Plaintiff requested that he be allowed to have the surgery. There is a note on the IRR indicating that the IRR was resolved/withdrawn by discussion with plaintiff.

Plaintiff filed a second IRR on July 26, 2011 stating essentially the same thing as he stated in his May 2011 IRR. He again sought implementation of defendant Wanless' purported surgical recommendation. In response to plaintiff's IRR, Sheila Manuel, the Director of Nursing at NECC, informed plaintiff that Dr. Cabrera saw him a week or so after his consultation with defendant Wanless and concluded that surgery was not medically necessary. At that time, Dr. Cabrera placed plaintiff on a nasal spray to ease his breathing problems. The response articulated that plaintiff also met with the Director of Nursing on April 19, 2011 and May 31, 2011 and was instructed to come to sick call with any other issues related to his nose and to date,

plaintiff had not done so. Accordingly, plaintiff's medical records did not show a change in his status such that surgery was medically necessary.

On September 12, 2011, plaintiff filed an offender grievance, or an internal appeal of the denial of his July 26, 2011 IRR. By response dated September 23, 2011, defendant Cabrera indicated that he had reviewed plaintiff's medical records to determine if all medically necessary treatment had been provided to plaintiff. Defendant Cabrera noted that since plaintiff was seen for his complaint in March of 2011, he had not submitted any MSRs to sick call complaining of this issue. Thus, it did not appear that a surgery was medically necessary at this time, and plaintiff's grievance was denied.

Plaintiff filed an appeal of his grievance on October 11, 2011. In his appeal, plaintiff again stated that he was still having breathing problems at night and that he had recently submitted an MSR to sick call. He again requested nasal surgery. On January 19, 2012, defendant Laramore and Bredeman jointly signed a response to plaintiff's grievance appeal. In their response, defendants stated:

> Upon review of your medical record, grievance records and investigation of your concern, I found that you have had x-rays of the nasal bone which does not indicate a septal deviation. You were seen by Dr. Wanless who recommended septoplasty and turbinate reduction, these recommendations were reviewed and a trial of flunisolide nasal spray was given for a period of 90 days. You are currently prescribed mentholated ointment and loratadine. There have been no sick call

encounters related to your nasal breathing since beginning this medication regimen.

Conclusion: Based on the above information, your Grievance Appeal is not supported, as outlined above. Your record shows on-going care and treatment for your medical issues by licensed, qualified healthcare professionals with many years of experience. We rely upon the independent, discretionary judgment of the site physicians to determine what care, medication and treatment is needed.

Plaintiff seeks a mandatory injunction from this Court requiring defendants to provide him with the nasal surgery. He has not requested monetary damages.

**Discussion**

The complaint is silent as to whether the CMS defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not

contain any allegations that a policy or custom of CMS was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with regard to the CMS defendants.

Nor has plaintiff stated a § 1983 claim against defendant Wanless, who is not a state actor, but rather an outside doctor at Moberly Medical Center. Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id. Plaintiff has not done so, thus, his claims against defendant Wanless are subject to dismissal.

Even if plaintiff had brought this case against the CMS defendants in their individual capacities, he still could not have stated a claim for relief under § 1983. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429

U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." Id. at 1240.

There is simply nothing in the record to indicate that defendants have been deliberately indifferent to plaintiff's serious medical needs. The mere issue that the CMS doctors disagreed with the medical assessment made by plaintiff and defendant Wanless regarding the need for nasal surgery does not mean that plaintiff's allegations of a denial of his medical needs rise to the level of a constitutional violation. For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff's complaint states nothing more than a mere disagreement with the

treatment plan proposed by defendants, rather than an outright denial of medically necessary services, as required for a constitutional violation. As such, plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.92 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of May, 2012.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE